UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

Jeffrey Shepherd,

                                    Plaintiff,                    **COMPLAINT and
                                                                  DEMAND FOR A**
            -against-                                             **TRIAL BY JURY**


Cintas Corporation No. 2,

                                    Defendant.
_____x


       Plaintiff, by his attorneys, Brooklyn Legal Services, complaining of the defendant herein,

respectfully alleges as follows:

## NATURE OF THE ACTION

1.       Plaintiff Jeffrey Shepherd ("Plaintiff" or "Mr. Shepherd") brings this action

against his former employer, Defendant Cintas Corporation No. 2 ("Cintas"), for disability and

race discrimination. Mr. Shepherd was injured on the job, went on leave, and then asked for an

accommodation so that he could return to work.  Cintas not only failed to engage in an

interactive process with Mr. Shepherd to determine whether there was a reasonable

accommodation for Plaintiff's disability, as legally required, but such failure resulted in pushing

Mr. Shepherd out of his job.   One or more similarly situated Caucasian employees with

disabilities, however, were provided with reasonable accommodations when requested under

similar circumstances.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 for civil actions between citizens of different states where the amount in controversy exceeds the sum of value of $75,000.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff was employed by Defendant to work primarily in this District.

## PARTIES

4.      Plaintiff Jeffrey Shepherd is 55 years old and African-American.  Plaintiff is a citizen of New York State and resides at 8 Lantern St. Huntington, NY 11743.

5.      Cintas is a corporation incorporated under the laws of the State of Nevada.  Cintas maintains its headquarters at 6800 Cintas Boulevard, Cincinnati, Ohio 45262.

6.      Cintas is a company that supplies corporate identity uniform programs, providing entrance and logo mats, restroom supplies, promotional products, first aid, safety, fire protection products and services, and industrial carpet and tile cleaning.  During the relevant time period, Cintas also provided document shredding services to businesses including numerous businesses in New York City.

7.      Cintas employed Mr. Shepherd within the meaning of the relevant anti-discrimination laws from November 2013 until at least April 2014 when he was injured on the job.

## STATEMENT OF FACTS

8.      Mr. Shepherd began his employment as a Customer Service Associate with Cintas in November, 2013.

9.      As a Customer Service Associate, Mr. Shepherd's primary duties were to pick up documents at businesses located in Manhattan, New York and bring the documents to be shredded at a warehouse in Westbury, Long Island.

2

10. Mr. Shepherd was generally scheduled to work ten hours per day, four days a week.

11. However, most weeks, Mr. Shepherd worked five days a week and more than ten hours a day.

12. Mr. Shepherd began his workday by picking up a truck in Westbury, Long Island at approximately 6:00 am.

13. On most days, Mr. Shepherd was assigned to drive the truck from Westbury, Long Island to pick up documents at several different locations in Manhattan and then transport the documents back to Westbury, Long Island to be shredded.

14. Mr. Shepherd would typically spend 8-10 hours in Manhattan picking up documents to be shredded.

15. Mr. Shepherd would usually leave Manhattan around 5 pm and drive the truck back to Long Island by 6:30-7:00 pm, where the truck was then unloaded by other Cintas employees.

16. On occasion, Mr. Shepherd shredded documents himself in a shredder located in his truck while he was in Manhattan.

17. On April 16, 2014, Plaintiff was injured on the job. While moving a container of documents from a building in Manhattan to be loaded onto his truck, the container of documents ran over Mr. Shepherd's leg, resulting in a serious injury to his knee including a ruptured patella (knee cap).

18. As a result of the on-the-job accident and injury, Mr. Shepherd was unable to work and was told by Cintas to apply for Workers Compensation.

19. On April 29, 2014, Mr. Shepherd underwent surgery to repair his ruptured patella.

3

20.    In November, 2014, Mr. Shepherd contacted his supervisor at Cintas, Jim Long, in Westbury, New York, to notify him that he was ready to return to work after Mr. Shepherd's doctor told him he could perform light duty.

21.    Mr. Long directed Mr. Shepherd to speak with Brandon Green, the District Manager.

22.    After attempting to reach Mr. Green by telephone several times over many weeks, Mr. Shepherd finally was able to reach Mr. Green, who subsequently requested that Mr. Shepherd provide him with a letter from his doctor indicating what work he could and could not do.

23.    In January, 2015, Mr. Shepherd provided Mr. Green with a report from his doctor, Dr. Feldman. The report, dated December 29, 2014, from Dr. Feldman stated that "Patient may perform sedentary work duties" and "Patient has a Moderate residual disability at 50%."

24.    Mr. Shepherd called Mr. Green several times to follow up on Dr. Feldman's letter. Once Mr. Shepherd was finally able to reach Mr. Green, Mr. Green requested another letter from a doctor.

25.    In February, 2015, Mr. Shepherd got an updated letter from Dr. Feldman which he faxed to Mr. Green. This updated letter also stated that "Patient may perform sedentary work duties" and "Patient has a Moderate residual disability at 50%."

26.    After faxing the updated letter to Mr. Green, Mr. Shepherd again reached out to Mr. Green, via phone, multiple times before finally reaching him in March, 2015. During the telephone conversation with Mr. Green, Mr. Shepherd made several suggestions regarding the work he could engage in, including shredding, working on the phone, or putting together first aid kits. Mr. Green did not respond to any of those suggestions, saying only that there were sales

4

positions available and that Mr. Shepherd did not have a sales degree so he did not qualify for those positions.

27.    Mr. Shepherd then offered even more suggestions, for example, calling clients and drivers, which was one of the jobs that he could do despite his disability. Mr. Green rejected Mr. Shepherd's suggestions.

28.    During the conversation in March, 2015, Mr. Green did not respond to most of Mr. Shepherd's suggestions or make any additional suggestions to Mr. Shepherd as to work he might be able to do. Mr. Green did not ask Mr. Shepherd any questions about his education, prior work experience, or skills. Mr. Green did not offer any light duty positions to Mr. Shepherd and did not attempt to offer any other jobs to Mr. Shepherd.

29.    Upon information and belief, approximately a year after Mr. Shepherd was injured, AJ, a white male who also worked as a Customer Service Associate, doing the same or similar work to Mr. Shepherd, had a hernia operation and was unable to work for a period of time. Upon information and belief, after his operation, AJ was allowed to return to work and was given light duty and/or office work at Cintas and later received a promotion to a supervisory position.

30.    Upon information and belief, while Mr. Shepherd was working for Cintas, Ray (last name unknown), a White-Hispanic male who was a Customer Service Associate doing the same or similar work to Mr. Shepherd, injured his arm and could not continue to perform the work he had been doing for Cintas. Upon information and belief, Cintas allowed Ray to return to work doing light duty and/ or office work.

5

31. After Cintas denied Mr. Shepherd's request to return to work, Mr. Shepherd applied for unemployment insurance benefits. Mr. Shepherd looked for work that he could do despite his disability, including work on a computer that did not involve excessive standing.

32. As a result of Cintas' failure to allow Mr. Shepherd to return to work, Mr. Shepherd lost wages that he would have earned had he continued to be employed by Cintas. Mr. Shepherd was ultimately able to obtain work as driver and as a security guard but his compensation was less than what he would have earned at Cintas.

33. As a result of losing a well-paying full-time job due to a work related injury, Mr. Shepherd suffered severe emotional distress. Mr. Shepherd saw a licensed mental health counselor who diagnosed him with depression.

## FIRST CAUSE OF ACTION

### Disability Discrimination
**New York State Human Rights Law (NYSHRL), Exec. Law §§ 290 *et seq.***
**New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.***

34. Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs as set forth at length herein.

35. At all times relevant to this Complaint, Plaintiff was employed by Defendant within the meaning of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.,* and the New York State Human Rights Law ("NYSHRL"), Exec. Law §§ 290 *et seq.*

36. Once Mr. Shepherd was injured on the job in April of 2014, he became disabled within the meaning of the NYCHRL and NYSHRL and Defendant was aware of his disability.

6

37. In November of 2014, after Plaintiff recovered from surgery, he was able and qualified to return to work, so long as he could obtain reasonable accommodations, including being assigned to do sedentary work.

38. Despite Plaintiffs' numerous attempts to return to work, and his attempts to engage Defendants in the interactive process to determine what accommodations would allow Plaintiff to return to work, Defendant ignored Plaintiff and failed to engage in a good faith interactive process, as required by the NYCHRL and NYSHRL.

39. Defendant's failure to engage in a good faith interactive process includes Defendant's failure to consider Plaintiff's suggestions of reasonable accommodations, including assignment to light duty or sedentary positions; failure to even ask Plaintiff whether he was qualified for any other jobs available at Cintas; and failure to assess Mr. Shepherd's specific needs as an employee with a known disability to determine if there was a reasonable accommodation which would allow him to return to work at Cintas despite his disability.

40. Defendant similarly failed to provide Plaintiff with the reasonable accommodation that he requested – light or sedentary work assignments, both of which were available at the time of Mr. Shepherd's request.

41. Upon information and belief, Defendant can and does assign individuals to light duty and/or sedentary work.

42. Due to Defendant's failure to reasonably accommodate Plaintiff by offering him a position or work assignment that he could perform with his disability, or any other reasonable accommodation which would allow Plaintiff to return to work, Plaintiff was never able to return to work and was terminated.

7

43.    Defendant's failure to engage in a good faith interactive process, consider the availability of reasonable accommodations which would allow Plaintiff to return to work, consider the reasonableness of the accommodations Plaintiff specifically requested, and ultimately provide Plaintiff with an accommodation or work assignment he could perform, all constitute disability discrimination in violation of the NYSHRL and NYCHRL.

## SECOND CAUSE OF ACTION

### Race Discrimination
### New York State Human Rights Law (NYSHRL), Exec. Law §§ 290 *et seq.*
### New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.*

44.    Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs as set forth at length herein.

45.    Mr. Shepherd is an African-American male.

46.    At all times relevant to this Complaint, Plaintiff was employed by Defendant within the meaning of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.,* and the New York State Human Rights Law ("NYSHRL"), Exec. Law §§ 290 *et seq.*

47.    Instead of engaging in an interactive process and assessing Mr. Shepherd's needs for a reasonable accommodation when he sought to return to work after being on medical leave due to a workplace injury, Cintas refused to provide a reasonable accommodation to Mr. Shepherd.

48.    Instead of providing Mr. Shepherd with any accommodations at all, Defendant simply refused to allow Plaintiff to return to work, resulting in his termination.

49.     Upon information and belief, similarly situated individuals who were not African-American, employed by Cintas at the same time as Mr. Shepherd, who were injured and/or disabled were offered accommodations which allowed them return to work.

50.     Upon information and belief, a White male employed by Cintas underwent a hernia operation and upon his return to work, was accommodated and provided with light duty and/or office work and eventually given a promotion.

51.     Upon information and belief, a White-Hispanic male employed by Cintas injured his arm and upon his return to work, he was accommodated and provided with light duty and/or office work.

52.     Due to Defendant's activities in reasonably accommodating the disabilities of White employees and refusing to provide such accommodations to Plaintiff, an African-American employee, Defendant has engaged in racially disparate treatment in violation of the NYSHRL and NYCHLR.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

(i) Declaring the acts complained of herein to be violations of the New York City Human Rights Law and the New York State Human Rights Law;

(ii) Awarding to Plaintiff no less than $100,000 in compensatory damages, including *inter alia* emotional distress damages, back pay, and front pay;

(iii) Punitive damages under the New York City Human Rights Law

(iv) Pre-judgment and post-judgment interest;

(v) Reasonable attorneys' fees, together with the cost and disbursements of this action; and

(vi) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Brooklyn, New York
September 18, 2017

Yours truly,

BROOKLYN LEGAL SERVICES
Attorneys for Plaintiff
105 Court Street
Brooklyn, NY 11201
718-237-5500/5544
Fax 718-855-0733

BY:    Nicole Salk

10